

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | JOHN SCHEMITSCH |
| *Corporation Counsel* | 100 CHURCH STREET | *Senior Counsel* |
| | NEW YORK , NEW YORK 10007 | jschemit@law.nyc.gov |
| | | Phone: (212) 356-3539 |

December 12, 2024

**By ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
22 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Tamia Flores, et al. v. City of New York, et al.</u>, 24-CV-7162 (FB) (VMS)

Your Honor:

      I am a Senior Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, counsel for defendant City of New York in this action. Defendant writes to respectfully request a stay of this action in its entirety, including all corresponding deadlines, for the reasons discussed below. This is the defendants' first request for a stay of this matter. Plaintiffs do not consent to this request; their position is stated below.

      By way of background, in this action filed on October 11, 2024, plaintiffs assert that on July 13, 2023 plaintiff Flores and plaintiff K.L were subjected to excessive force, bringing claims of, *inter alia*, false arrest, excessive force, and municipal liability claims. The answers for defendant City and the individually named NYPD defendants are due on December 30, 2024.[1] The undersigned has been informed that there is an open investigation as to the underlying incident by the New York City Civilian Complaint Review Board ("CCRB") that is still pending. Defendants thus seek an adjournment of all deadlines until 30 days after the resolution of the CCRB investigation.

      There are several reasons why the pending CCRB investigation necessitates a stay. First, the outcome of the investigation may affect this office's ability to offer representation to the individually named defendant officers. Before the Corporation Counsel may assume representation of the individual defendant, General Municipal Law § 50-(k) requires this office to conduct an investigation into whether it may represent the officers. <u>See</u> N.Y. Gen. Mun. Law § 50-(k); <u>Mercurio v. City of N.Y.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2),

---

[1] This office has not yet made a representation decision as to the individually named officers, whose answers are due on December 30, 2024.

this office must first determine whether an individual employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred. See N.Y. Gen. Mun. Law § 50-(k); see also Mercurio, 758 F.2d at 864-65.

As a result of the open CCRB investigation, best practices prevent this office from making a determination at this time whether the individually named defendants were acting within the scope of their employment or whether this office can represent them in this action. Best practices would prevent this office even from communicating with the individual defendant member of service (or any other City employee who may have been involved in or was present at the incident) to inquire about the underlying facts. That is, if the individual defendants are found to have violated NYPD procedures, a conflict of interest may arise. Indeed, if this office assumes representation of defendant officers before the proceedings are complete, but it later becomes apparent that the defendants were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be unable to continue representation and/or the handling of this litigation. These circumstances may result in significant and undue delay and expenditure of resources.

Moreover, on information and belief, until the investigation concludes, all parties will have limited access to information regarding the underlying incident. Further, any relevant materials generated by the CCRB during the investigation, such as witness interviews and statements and other documents gathered by CCRB during the course of the investigation, will be unavailable because they are protected from disclosure by the law enforcement privilege, which was created, *inter alia*, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation. See Nat'l Congress for Puerto Rican Rights v. City of N.Y., 99-cv-1694 (SAS), 2000 U.S. Dist. LEXIS 4448, at **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Inv., 856 F.2d 481, 484 (2d Cir. 1998)). Certain documents may also be protected from disclosure during the investigation's pendency by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege).

Without access to the CCRB investigatory records or the ability to interview the defendant officer, defendant City would be unable to conduct an investigation of the underlying incident, respond effectively to the complaint, discovery, or court conferences, or otherwise prepare a defense and move forward with this case. We anticipate that those records will be useful to both sides in preparing their cases and assessing this matter for the purposes of an early resolution. Consequently, should a stay be denied, and should this action therefore proceed concurrently with the CCRB investigation, all parties will experience a deficit of information that will be available once the investigation concludes. At a minimum, should this action proceed concurrently with the CCRB investigation, all parties will expend significant resources duplicating the investigative efforts currently being undertaken by CCRB. Further, a stay limited to the individual defendants, with the parties proceeding with discovery regarding plaintiff's municipal liability claims under Monell would not be practicable in this matter and a stay would preserve judicial economy.

Finally, plaintiff will not be prejudiced by a temporary stay. This matter arises from an incident that are alleged to have taken place on July 13, 2023, and there is ample time on the three-year federal limitations period. Any possible prejudice to plaintiff as a result of the passage of time would be far outweighed by the fact that CCRB is investigating the incident without interference and preserving relevant evidence. CCRB investigators will likely gather relevant documents and information, thereby streamlining discovery for all parties, including plaintiff.

Based on the foregoing, defendants respectfully request that the Court (i) order this action stayed until 30 days after the resolution of the CCRB investigation, and (ii) adjourn *sine die* all deadlines in this case, pending the conclusion of the ongoing CCRB investigation. With the Court's approval, the City is prepared to provide the Court with periodic updates as to the status of the investigation until it has been concluded.

**Plaintiffs' position:**

Plaintiffs object to a stay in this matter. Unlike certain cases where once the Civilian Complaint Review Board ("CCRB") or other internal investigation or proceeding is complete the Law Department would be able to represent the individual defendants, in this matter it is likely that the Law Department will never be able to represent the targets of the CCRB investigation. Based on Defendants' own body camera footage, examples of which are included in the Amended Complaint, the conduct of the CCRB's target officers is undeniably at odds with both constitutional protections as well as the laws, rules, and regulations of the City of New York and the New York Police Department, that the Law Department will never be able to represent these officers under the New York General Municipal Law. Thus, the main basis to stay a matter such as this, the ability for the Law Department to take on the representation of the individual defendants, is absent here.

Based on CCRB's tracking of the CCRB Complaint related to this matter, all the parties have been interviewed and the documents gathered. Thus, the concern that civil litigation would interfere in the investigation is also absent. Further, if the CCRB substantiates the allegations and the matter proceeds to an administrative trial, both Plaintiffs and Defendants will have to testify and be cross examined by the opposing attorney. In other words, if the CCRB substantiates the allegations against the officers, the next phase will be an adversarial proceeding.  There is no reason why parallel proceedings cannot proceed on the same track.

Finally, if the Court is inclined to stay this matter, Plaintiffs propose that it should be limited to individual Defendants and discovery regarding their *Monell* claim should go forward. Discovery on Plaintiffs' *Monell* claim would not implicate the concerns underlying Defendants' application for a stay. Because *Monell* discovery is often a time-consuming endeavor, the parties could make use of the time that would otherwise result in a delay to complete a substantial part of this discovery.

Thank you for your consideration of this matter.

          Respectfully submitted,

          /s/ *John Schemitsch*

          John Schemitsch

cc: **Via ECF**
All Counsel of Record